[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has appealed from the action of the defendant Board whereby the Cease and Desist Order of the Zoning Enforcement Officer directed to the plaintiff was affirmed.
The court finds that the plaintiff is an aggrieved person for the purposes of bringing this appeal.
The subject property is located in a residential zone and has been used in the past as a sand and gravel pit. Because this use predated the adoption of Zoning Regulations in the Town of Monroe, the use of this property for the extraction of sand and gravel in its natural state is conceded by all to be a permitted nonconforming use.
The basis of the Cease and Desist Order directed to the plaintiff was the claim by the Zoning Enforcement Officer that there was an "Expansion of a non-conforming use in a residential zone due to the commencement of blasting and rock processing operations in violation of zoning regulations. . .", with in order CT Page 1500 to "`CEASE DESIST' immediately from all rock crushing activity and blasting associated therewith and from any further expansion and enlargement of a nonconforming use."
After a hearing on June 12, 1990, whereat all interested parties were heard. The defendant Board at a regular meeting held July 5, 1990 acted on the plaintiff's appeal and the Board's minutes concerning that action are as follows:
 "A motion was made by Kenneth Kelly, seconded by John Hansen to uphold the decision of the Zoning Enforcement Officer. In the matter of the application for permit and in the filing of required reports, it is the direct testimony of the attorney for the applicant that such were not done. No evidence of any filings was presented and therefore the Enforcement Officer correctly cited the applicant. In the matter of the rock crushing apparatus, the applicant testified that such equipment was required to continue a previously approved operation. However the previous approval was given prior to the installation of the rock crusher and no mention of such is included. Operation of rock crushing equipment without specific approval is not permitted within the town of Monroe. This being the case, the Zoning Board of Appeals finds that the Zoning Enforcement Officer acted in correct and legal manner. Regarding the production of crushed rock, it is the opinion of the Board that said excavation of rock and crushing of rock to produce a new product is different and distinct from the sand and gravel operation previously conducted on the premises and is a new business not previously contemplated within the previous court decisions. All voted in favor of the motion (5-0)."
The plaintiff in his brief raises two main claims concerning the determination of the Board. The first is his claim that section 117-202 defines the only ways that an enlargement or extension of a nonconforming use may occur. The second is his claim that the rock crushing operation is nothing more than a more efficient means of implementing a valid nonconforming excavation operation.
The court has examined the wording of section 117-202 of the Zoning Regulations and is not persuaded that its provisions CT Page 1501 limit the extension of a nonconforming use of land to an expansion of the use to land "which is not subject to such nonconforming use."
Section 117-202 must be read with the previous section 117-200 which states "No land. . .shall hereafter be used. . .except in conformity with these regulations."
Section 117-201 states "any. . .use existing at the time of promulgation of these regulations may be continued even though such. . .use does not conform to the provisions of these regulations."
Comparing the language of these three sections, the court concludes that section 117-202 only describes one way in which a nonconforming use may not be enlarged and does not describe the exclusive way for enlargement. To rule otherwise would create an inconsistancy within these three sections that cannot be justified by a fair reading of these sections. Therefore, the first claim by Plaintiff is rejected.
The court has examined the record and has heard the testimony of the plaintiff concerning the present operation of his facilities and also his description of his operation he fore the installation of the rock crusher. In addition the court has viewed the videotape made by the Zoning Enforcement Officer of the rock crusher in operation and the processed material resulting from the operation.
In deciding whether the current activity is within the scope of a nonconforming use consideration should be given to three factors: (1) the extent to which the current use reflects the nature and purpose of the original use, (2) and differences in the character, nature and kind of use involved, and (3) any substantial difference in effect upon the neighborhood resulting from differences in the activities conducted on the property. Zachs v. Zoning Board of Appeals. 218 Conn. 324, 332.
The original nonconforming use in this case was the excavation of sand and "bank run" travel in its natural state and selling same. The machinery used was excavating machinery.
The present use of the property is to blast rock faces on the property, place the blasted rock into a rock crusher, screen the crushed rock into various sizes, stock pile same and then sell it. This process includes blasting of sufficient strength and operation of machinery that generates so much noise that it has caused residents in the area of the subject property to file complaints as to these activities. CT Page 1502
It is the court's opinion that the second claim of the plaintiff that the rock crushing operation is nothing more than a more efficient means of implementing a valid nonconforming excavation operation cannot be sustained. The plaintiff has gone well beyond the nature and purpose of the original use; has substantially changed the character, nature and kind of use; and has created a substantial difference in effect upon the neighborhood resulting from the blasting and rock crushing.
The court concludes that the action of the Zoning Board in upholding the decision of the Zoning Enforcement Officer that there was an expansion of a nonconforming use in a residential zone due to the commencement of blasting and rock processing operations in violation of zoning regulations by the plaintiff was proper and therefore plaintiff's appeal from that decision is dismissed.
STODOLINK, Judge